TIE COMMUNICATIONS, INC., PLAINTIFFS *v.* UNITED STATES, U.S. CUSTOMS
  SERVICE, AND DISTRICT DIRECTOR, U.S. CUSTOMS DISTRICT OFFICE,
  ST. ALBANS, VERMONT, DEFENDANT

Court No. 91–04–00300

(Decided February 28, 1995)

*Skadden, Arps, Slate, Meagher & Flom (Rodney O. Thorsen)* for plaintiff.
  *Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial
Litigation Branch, Civil Division, United States Department of Justice, *(Jeffrey M. Telep);*
of counsel: *Anna Tretter,* Office of Regional Counsel, United States Customs Service, for
defendant.

## OPINION

MUSGRAVE, *Judge:* Plaintiff TIE Communications ("TIE"), challenges
a mitigated penalty settlement with the United States Customs Service
("Customs"), as being fraudulently induced (or, alternatively, induced
through innocent misrepresentation), by Customs. At trial this Court
ruled that plaintiff, in its case in chief, failed to establish that any indi-
vidual in Customs had made material misrepresentations of any kind to
any TIE employee or representative, or that plaintiff had suffered any
damage as a result of entering into the settlement agreement. Accord-
ingly, this Court dismissed plaintiff's case against the United States.

## BACKGROUND

TIE Communications is a Canadian company that claimed duties ex-
emptions for component telephone parts manufactured in the U.S.,
shipped overseas for assembly, then returned to this country for sale
(Item 807.00, TSUS). Customs was investigating TIE's import opera-
tions and had informed TIE that it might not be in compliance with the
807.00 program. On July 11, 1986, TIE wrote to Customs to acknowl-
edge errors in administering the program from August, 1984 to June,
1986.

On June 21, 1990 Customs issued a pre-penalty notice assessing du-
ties of $179,238 and penalties of $716,922 for 19 U.S.C. § 1592 violations
in connection with those entries which were within the five year statute
of limitations. The notice charged TIE with gross negligence as the level
of culpability for failing to obtain verification from vendors to absolutely
determine that the parts imported into the U.S. were of U.S. origin, and
for not having controls to ensure that the U.S. parts were segregated
from foreign parts. The notice required a response within seven days, a
shorter than normal (30 days) response time which is authorized by reg-
ulation when the statute of limitations is about to run.

TIE paid the duties and petitioned Customs for cancellation or miti-
gation of the penalties on grounds that there had been a prior disclosure
by TIE of the circumstances of the violation in June of 1986, that the
facts did not support a culpability of gross negligence, that there was a
contributory Customs error dating back to 1985, and that it could not
afford to pay the penalties. Customs denied the petition, but ultimately

reduced the penalty to $448,076 on the basis that TIE had been cooperating. Customs permitted TIE to make the penalty payments in 12 monthly installments without interest because of its poor financial condition. TIE began payment on the mitigated penalty.

On December 7, 1990, Customs issued an additional notice for duties of $273,054 on those entries preceding the ones already collected on (*i.e.,* those covered by the June, 1990 notice). Demands were also made on TIE's brokers and sureties.

On December 21, 1990 and January 4, 1991, TIE submitted petitions seeking to set aside the December 7, 1990 notice because the entries covered by the notice were time barred by the five year statute of limitations applicable to § 1592. TIE alleged that it understood that payment of the mitigated penalty claims settled all penalty and duty claims related to its 807.00 program. Otherwise, claimed TIE it might well have challenged the original penalty assessments in court. TIE filed a protest incorporating their petition which challenged the additional duty demands.

On April 8, 1991, TIE filed for Chapter 11 Bankruptcy. TIE informed Customs of the automatic stay and that it could not pay any outstanding claims (the government to that point had received much of its mitigated penalty assessment, and did not file a claim for the outstanding balance of payments under the reorganization).

Prior to receiving a decision by Customs regarding its protest, TIE brought a complaint in this Court seeking (Count I) dismissal of the December 7, 1990 duty demands as time barred; and (Count II) requesting recision of its $448,076 settlement agreement which TIE claims was fraudulently induced by Customs. This Court ruled that Customs was deliberately delaying a decision on the protest to oust the Court of jurisdiction while manifestly demonstrating its intention to deny TIE's protest all the same. This Court asserted jurisdiction under 28 U.S.C. § 1581(i), as further efforts at administrative exhaustion would be futile. The Court enjoined Customs from attempting to collect on the duty demands from TIE's brokers and sureties. *Preliminary Injunction* (May 15, 1991). Both parties subsequently moved for summary judgment on both counts of TIE's complaint. The Court held that the duty claims were time barred by the five year statute of limitations applicable under 19 U.S.C. § 1592(d) and 19 U.S.C. § 1621, and granted summary judgment for TIE as to Count I of its complaint. As to Count II, the Court held that it had jurisdiction over such a claim, but that there were issues of material fact remaining. Accordingly, the Court denied both motions for summary judgment for Count II. *TIE Communications, Inc. v. United States of America, United States Customs Service, District Director, United States Customs District Office, St. Albans, VT,* 18 CIT 358, Slip Op. 94–72 (May 5, 1994).

This matter came before the Court *de novo,* pursuant to 28 U.S.C. § 2640 (1988). Defendant put a motion *in limine* before the Court seeking, *inter alia,* dismissal of the action for lack of jurisdiction and govern-

mental immunity from claims of equitable estoppel. The Court, while not ruling on the motion until after plaintiff presented its case in chief at trial, denied the motion in its entirety as moot for the reasons set forth below.

## DISCUSSION

At trial, plaintiff failed to make a case of fraudulent inducement or of fraudulent misrepresentation, innocent or otherwise. Plaintiff's witnesses admitted that they were aware that far more importation entries were made under plaintiff's 807.00 program than were listed on the June 21, 1990 pre-penalty notice and settlement agreement. Their admitted reliance upon the June 21, 1990 enumeration of affected entries was a visceral or emotional feeling that "this was it." Neither direct nor cross examination of plaintiff's witnesses elicited any representation that no further claims would be made as to the other, non-enumerated entries.

Plaintiff's aggrievance, and the gravamen of its complaint, is that it allegedly would not have entered into the settlement agreement had it known that a further claim for duties would be made by Customs with respect to the outstanding entries under the 807.00 program. Such a claim was indeed made by Customs on December 7, 1990, almost six months after the June 21, 1990 pre-penalty notice, and after the settlement agreement was entered into by plaintiff. Plaintiff claims that it somehow relied, to its detriment, upon Customs' representations that no such additional claim would be asserted. However, the subsequent claim by Customs has been held by this Court to be deemed time-barred, *TIE Communications, Inc. v. United States of America, United States Customs Service, District Director, United States Customs District Office, St. Albans, VT,* 18 CIT 358, Slip Op. 94–72, (May 5, 1994), and its collection efforts against its brokers and sureties enjoined. *Preliminary Injunction* (May 15, 1991). There has been, therefore, no damage suffered by plaintiff.

Plaintiff's imaginative arguments for avoiding the governments immunity against the doctrine of equitable estoppel by casting the situation in a light of unjust enrichment and fraudulent or innocent misrepresentation are skillfully articulated—but are unpersuasive. Plaintiff having failed to make a case for relief of any kind, having suffered no pecuniary (or other) damage as a result of the alleged—but unproven—"misrepresentations" by Customs officials, there was no need for testimony from defendant's witnesses. Plaintiff's case is, therefore, dismissed as to Count II.

## CONCLUSION

All claims before this Court now having been decided, the Court may now properly enter final judgment of summary judgment for plaintiff in Count I, *TIE Communications, Inc. v. United States of America, United States Customs Service, District Director, United States Customs District Office, St. Albans, VT,* 18 CIT 358, Slip Op. 94–72, (May 5, 1994), as

well as Count II. Count I now having been finally resolved and adjudicated, and this Court having held that Customs' duty demands of December 7, 1990 to be time-barred, the preliminary injunction which issued May 15, 1991, enjoining Customs from collecting those duties, is now moot and is dissolved of its own effect pursuant to the terms of that injunction.